**GIREAK, Plaintiff, v. INDUSTRIAL COMMISSION OF OHIO, and COPPERWELD STEEL COMPANY, Defendants.**

Common Pleas Court, Trumbull County.

No. 55701. Decided May 4, 1951.

Marvin Traxler, Youngstown, for plaintiff.

Henry Kosling, on behalf of The Industrial Commission of Ohio.

Robert G. Day, of Hoppe, Day & Ford, Warren, on behalf of defendant Copperweld Steel Company.

## OPINION

By THOMAS, J.

In this action the Plaintiff appeals from an order of The Industrial Commission disallowing her claim for a death benefit because of her husband's death.

Now to be decided is the propriety of Defendant's Motions to remand the rehearing record to The Industrial Commission (a) to take additional testimony, and (b) to incorporate the testimony of one witness and one exhibit, both claimed to have been omitted from the rehearing record by mistake.

Earlier the Employer sought to be made a party Defendant to this action, and to move for a remand of the rehearing record to The Industrial Commission for the taking of the same additional testimony to which one of Defendant's present Motions is now addressed.

The Employer was held to be an improper party to this action, which ruling by this Court was affirmed on appeal.

Over Plaintiff's objection, based on this former ruling, the Employer is being permitted to participate in the hearing on Defendant's Motions to remand.

Though the Employer is not a proper party to this action, he nevertheless has an interest in the prosecution of these Motions since the granting of one or both would refer the rehearing record back to The Industrial Commission for further rehearing proceedings. In such proceedings he would have the right to "participate fully." **Sec. 1465-90 GC** (as amended September 13, 1947).

**Basic to the disposition of both of Defendant's Motions to remand is the determination of the power of this court to**

remand a rehearing record in a Workmen's Compensation case to The Industrial Commission for additional testimony.

No express provision of the Workmen's Compensation Laws authorizes a remand of either the case or the rehearing record to The Industrial Commission.

However it has been held that "if on the examination of the transcript, it appears that some error, omission, or mistake has been made by the commission in the preparation of the Transcript, undoubtedly the Common Pleas Court, as the Appellate Court, would have jurisdiction and power in its discretion to order a correction of the record and Transcript of the record to preserve the legal rights of the parties." **Pyle v. Industrial Commission, 139 Oh St 644 at p. 652.**

But the parties may not augment the rehearing record by stipulation made in the Common Pleas Court, **Drakulich v. Industrial Commission, 137 Oh St 82.** At the same time the Supreme Court tacitly recognizes that the Common Pleas Court was within its power in granting—prior to the making of the stipulation—the Claimant's Motion to remand the case for additional testimony.

These decisions permit the conclusion that the Supreme Court upholds the power of a Common Pleas Court to remand a rehearing record to The Industrial Commission for additional testimony and for correction of the record.

Even without the benefit of these decisions, a recognition of the existence of power in the Common Pleas Court to remand either the case or the rehearing record alone is justly warranted.

Ordinarily an appeal from a decision by an Administrative agency to Common Pleas Court is not a trial de novo. (**Farrand v. State Medical Board, 151 Oh St 222.**)

But a claimant's appeal from an order of The Industrial Commission which disallows his claim entitles the Claimant to a trial de novo. **Sec. 1465-90 GC.**

Hearing the case on the merits the Court or Jury should decide the case upon all available evidence that is competent and relevant.

Where a party requests the reopening of a case to permit introduction of further evidence Courts should always exercise their discretion in favor of full development of all of the facts. **Siegal v. Yellow Cab Company, 23 Oh Ap 438 p. 441.**

The duty of the Court in the trial of a case to permit a full development of all pertinent and competent evidence vests the Court of Common Pleas with implied power to remand a rehearing record to The Industrial Commission for reopening and for the taking of such additional testimony.

As long as the requested remand is made prior to the trial of the case the conditions upon which a Court should grant a requested remand plainly should be more liberal than those which govern the granting of a Motion for new trial upon newly discovered evidence. **Sheen v. Kubiac, 131 Oh St 52.** In the former situation the case is yet to be tried, while in the latter situation the case has been tried.

It is concluded that, in the exercise of its discretion a Court of Common Pleas should grant the requested remand if made before trial and if the Court is satisfied that the new evidence will be competent, and relevant to the issues.

The paramount importance of giving the trier of the facts all available evidence, so long as it is competent and relevant to the issues, overrides any argument that due diligence should also be a condition of a party's right to remand.

**A resume of the testimony which the defendant seeks to prove as a part of the rehearing record includes the following points.**

That Claimant Plaintiff, under the name of Katy Gurik, brought suit in Mahoning County Common Pleas Court in 1931 on a spurious claim for personal injuries.

That the same spurious incident was also the basis of a suit for damages brought by Mary Butto, the mother of Rocco Butto an important witness in the within action. Her husband, Filip Butto, father of Rocco, together with John Keifer, the Defendant in the actions brought by Katy Gurik, Mary Butto, and others received a part of a sum of $2,700.00 received in settlement of said suits.

That Keifer and Butto were indicted in Mahoning County on charges of taking said money under false pretenses and plead guilty in 1936 and 1937 respectively.

That the decedent husband of Claimant Plaintiff sued her for divorce in this County, and his Petition claimed that she hit him over the head with a poker. It is suggested that this blow on the head may be the true cause of Decedent's death, the cause of his death being a major issue in the present case.

**This proposed testimony seems clearly relevant to the issues.** The Plaintiff herself testified at the rehearing. She described the physical condition of her decedent husband before he went to work and on his return home on June 21, 1944, the alleged date of the claimed injury. Plaintiff will rely on her testimony to make her case. Any evidence therefore that may attack her credibility is relevant to the issues. It is clear that the testimony which Defendant proposes to add to the rehearing record, if established, would challenge the

Plaintiff's credibility. Proof that she once made a spurious claim for personal injury would be a fact which might tip the scales in deciding whether her testimony in this case is worthy of belief.

Similarly proof of a previous head injury—as indicated by a Petition said to have been filed by the decedent—would be relevant in considering the cause of death, it being here claimed that his death resulted from being struck in the head by a crane magnet.

Defendant's Motion to remand the rehearing record for the taking of the indicated additional testimony indicated will be GRANTED

**Defendant also moves to remand the rehearing record to The Industrial Commission to correct the record by including the testimony of John Haller and an exhibit known as Claimant's exhibit 3, which testimony and exhibit are claimed to have been omitted from the rehearing record by mistake.**

Haller testified and the exhibit was offered at the hearing of the claim before the Canton Regional Claims Board.

At the hearing on the Motions to remand the testimony was in sharp dispute as to whether the parties intended to include said testimony and exhibit in the rehearing record.

However since it has heretofore been decided to remand the rehearing record to The Industrial Commission, for reopening, at such time the testimony of John Haller and Claimant's exhibit 3, taken before the Regional Claims Board. may be incorporated in the rehearing record, subject, of course to any objections to the exhibit or to any part of the testimony.

**One question remains. Should the appeal be dismissed and the claim be remanded to The Industrial Commission, or should the appeal be retained here, and only the rehearing record remanded?**

The latter course will be followed. Since the testimony sought to be added, will presumably aid the case of the defendant, it is not likely that the Commission would allow the claim were it reviewed upon the completion of the rehearing record.

Accordingly the record is being remanded solely for the addition of the indicated testimony—either through further cross examination of the Plaintiff or further direct testimony or both—and the addition of the testimony of John Haller and Claimant's exhibit 3. The remand is not intended to be broad enough to include any further decision by the Commission. For if the remand were that broad, the entire jurisdiction of this matter would revest in the Commission, and this appeal would thereby terminate.